1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL NATIONAL
     MORTGAGE ASSOCIATION,
11
                 Plaintiff,                    No. CIV S-12-0831 JAM DAD PS
12
             vs.
13
     CARSON DAY;                               FINDINGS AND RECOMMENDATIONS
14   ANNIE DAY,

15               Defendants.

16   _____/

17          By Notice of Removal filed April 2, 2012, this unlawful detainer action was

18   removed from the Stanislaus County Superior Court by defendants Carson Day and Annie Day,

19   who paid the required filling fee and who are proceeding pro se.  Accordingly, the matter has

20   been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

21          It is well established that the statutes governing removal jurisdiction must be

22   "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064

23   (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also

24   Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.

25   Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if

26   there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d

                                          1

564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party

invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.

1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also

Provincial Gov't of Martinduque, 582 F.3d at 1087.  Moreover, "the existence of federal

jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject

matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

　　　　　In removing this action, defendants alleges in conclusory fashion that "[f]ederal

question jurisdiction exists because Defendant's demurrer, a pleading depend (sic) on the

determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of

Removal (Doc. No. 1) at 3.)  In this regard, defendants argues that the Stanislaus County

Superior Court did not sustain their demurrer in the state court action initiated by plaintiff, in

violation of 12 U.S.C. § 5220.  (Id.)

　　　　　It is evident however from a reading of plaintiff's complaint, and defendants'

demurrer, that this is nothing more than a garden-variety unlawful detainer action filed against

the former owner of real property located in California and that it is based wholly on California

law.  As such, the complaint does not involve any "claim or right arising under the Constitution,

treaties or laws of the United States" that would have permitted plaintiff to file this action

originally in federal court.  See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendants'

argument that any federal claims in this action arise solely from defendants' own affirmative

defenses and not from the plaintiff's unlawful detainer complaint.  Thus, defendants have failed

to meet their burden of establishing a basis for federal jurisdiction over this action.

　　　　　Accordingly, IT IS RECOMMENDED that this action be summarily remanded to

the Stanislaus County Superior Court and that this case be closed.

/////

1        These findings and recommendations will be submitted to the United States

2  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, any party may file

4  written objections with the court and serve a copy on all parties.  A document presenting

5  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

6  Any reply to objections shall be filed and served within seven days after service of the objections.

7  DATED: April 20, 2012.

8

9                                 *Dale A. Drozd*

10                              DALE A. DROZD
                                 UNITED STATES MAGISTRATE JUDGE

11

12

13  DAD:6
    Ddad1\orders.pro se\FNMA-day0831.f&r.remand.ud

14

15

16

17

18

19

20

21

22

23

24

25

26